UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lee Anne Judith Risk, | No. 20-cv-1616-JRT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Wells Fargo & Company, and Wells Fargo Bank, N.A., | |
| Defendants. | |

---

This matter is before the Court on the motion to compel discovery filed by the Plaintiff, Lee Anne Judith Risk. Pl.'s Mot., ECF No. 18. The Court held a hearing on the motion on April 8, 2021, at which Ms. Risk and the Defendants were represented by counsel. The Court issued a bench ruling on Ms. Risk's motion, which is memorialized in this Order. Consistent with the Court's bench ruling, Ms. Risk's motion to compel is **GRANTED IN PART and DENIED IN PART**.

The motion is **GRANTED IN PART** to the extent it seeks a more complete answer to Interrogatory No. 7, which asks the Defendants to identify each employee who worked in the Brooklyn Park and Brooklyn Center branch offices in 2002 who would or might have dealt with enrolling customers in Defendants' payment protection plans. Consistent with defense counsel's representation that they are continuing to investigate whether these individuals can be identified, the Defendants shall engage in reasonable efforts to identify the relevant employees and disclose information regarding them in response to this interrogatory.

The motion is also **GRANTED IN PART** with respect to Interrogatories Nos. 2 and 3 and Requests for Production 5 and 6. A subset of the requested information about other complaints regarding credit card payment protection plans is relevant and proportional to the needs of the case, but as drafted, these requests are radically overbroad in light of the proportionality considerations applicable under Federal Rule of Civil Procedure 26(b)(1). The parties are required to engage in further efforts to meet and confer about a reasonable

framework for the Defendants' response to these requests. The Court's guidance specifically advised that the parties should consider a two-year date range and a geographic limitation that is likely smaller than the State of Minnesota, but includes the two branches at issue.

The motion is **DENIED IN PART** to the extent that it seeks additional answers to Requests for Production 2, 3, 4, 7, 8, and 9,[1] which seek information specific to Ms. Risk's credit card account that is at issue in this litigation. Defendants' counsel represented at the hearing that they have produced all of the information responsive to these requests and that Defendants have no other records to be produced.

The motion is **DENIED IN PART** to the extent that it seeks further answers to Interrogatories Nos. 4, 5, and 6, which ask, respectively for Defendants to identify a broad swath of internal communications regarding payment protection plans; analyses and projections of revenues and profits derived from payment protection plans; and the actual income or revenue obtained from such plans. These requests are wildly overbroad and seek discovery that is disproportionate to the needs of the case.

Finally, the request for attorney's fees is hereby denied. ECF No. 22 at 19–20. The record does not clearly demonstrate that plaintiff fully explored efforts at meeting and conferring prior to filing the motion. Fed. R. Civ. P. 37(a)(F)(A)(i). In addition, the motion was granted in part and denied in part, and the Court finds that apportionment of attorney's fees is unnecessary under the circumstances of this case. Fed. R. Civ. P. 37(a)(4)(C) (providing that the court *may* apportion reasonable expenses for a motion that is granted in part and denied in part).

---

[1] With respect to Interrogatory No. 9, which seeks identification of information the Defendants may use for impeachment at trial, the Court notes that Defendants did not disagree that impeachment evidence is relevant, but believes the interrogatory is premature. The Court agrees that, at this time, the interrogatory is premature, but that the Defendants should appropriately supplement their response to this interrogatory or otherwise make the Plaintiff aware of evidence that will be used for impeachment at an appropriate time prior to trial.

3

Date: April 26, 2021

                                                     *s/Katherine Menendez*
                                                   Katherine Menendez
                                                   United States Magistrate Judge